﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200611-91866
DATE: February 26, 2021

ORDER

New and relevant evidence has been received sufficient to readjudicate the claim of entitlement to service connection for degenerative joint disease at C6-7, 8, and T1 spine disability; the appeal is granted to this extent only. 

Entitlement to service connection for scars, right thigh is denied.

REMANDED

The claim for entitlement to service connection for degenerative joint disease at C6-7, 8, and T1 is remanded. 

FINDINGS OF FACT

1. A May 1997 rating decision denied entitlement to service connection for degenerative joint disease at C6-7, 8, and T1. The Veteran did not perfect an appeal to that decision and it became final. 

2. Evidence received since the May 1997 rating decision includes evidence that is new and relevant to the issue of entitlement to service connection for degenerative joint disease at C6-7, 8, and T1. 

3. The Veteran had maxillofacial surgery in 1989 to correct an overbite, a condition that was deemed a congenital or developmental defect in a prior 1997 rating decision and denied for entitlement to service connection. 

CONCLUSIONS OF LAW

1. New and relevant evidence has been received and readjudication of the claim for entitlement to service connection for degenerative joint disease at C6-7, 8, and T1 is required. 38 U.S.C. §§ 101(35), 5108; 38 C.F.R. §§ 3.156(d), 3.2501. 

2. The criteria for entitlement to service connection for scars, right thigh have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.2500. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from January 1971 to June 1990 with additional periods of ACDUTRA and INACDUTRA in the Army Reserve. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115-55, 131 Stat. 1105 (2017) (codified as amended in scattered sections of 38 U.S.C.). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. 

1. Whether new and relevant evidence has been submitted for the claim of entitlement to service connection for degenerative joint disease at C6-7, 8, and T1

The Veteran contends that new and relevant evidence warrants readjudication of the claim for service connection for degenerative joint disease at C6-7, 8, and T1. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § § 3.2501. New evidence is “evidence not previously part of the actual record before agency adjudicators.” Id. Relevant evidence is evidence that “tends to prove or disprove a matter in issue.” Id. 

In a May 1997 rating decision, the agency of original jurisdiction (AOJ), denied entitlement to service connection for degenerative joint disease at C6-7, 8, and T1. Among other reasons, the AOJ stated that there was “no current medical evidence of record to show the existence of degenerative joint disease of the cervical or thoracic back.” The Veteran did not appeal the decision or submit new and material evidence within the appellate period, and therefore the decision became final. The Veteran submitted a VA Form 20-0995, Application for Decision Review Request: Supplemental Claim, on November 5, 2019 requesting review of the May 1997 rating decision denying entitlement to service connection for a back condition. In a March 12, 2020 rating decision, the AOJ determined that new and relevant evidence had not been submitted sufficient to reopen the claim for entitlement to service connection for degenerative joint disease at C6-7, 8, and T1. 

Evidence received subsequent to the 1997 rating decision includes a March 2020 VA examination in which the Veteran is diagnosed with degenerative spine disease. This examination report is new as it was not before agency decision makers at the time of the 1997 rating decision and is relevant as it provides a diagnosis for the Veteran’s back condition which was undiagnosed in 1997 according to the prior rating decision. 

Therefore, based on the finding that new and relevant evidence has been associated with the record subsequent to the May 1997 rating decision, the claim of entitlement to service connection for degenerative joint disease at C6-7, 8, and T1 must be readjudicated. 

2. Entitlement to service connection for scars, right thigh is denied.

The Veteran contends that he has a scar on his right thigh as a result of skin graft for surgery on his jaw in 1989. After thorough consideration of the evidence of record, the Board finds that entitlement to service connection is not warranted for scars on the right thigh. 

Because the Veteran has not raised, and the record does not reasonably raise, entitlement to direct service connection, the Board’s adjudication will consider only entitlement to secondary service connection.

Service connection may be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. 38 C.F.R. § 3.310.

The question for the Board is whether the Veteran has a current disability that is proximately due to or the result of or was aggravated beyond its natural progress by a service-connected disability. 

The medical evidence of record shows that the Veteran underwent maxillofacial surgeries in 1989. During 1989, the record shows that the dentist/oral surgeon referred the Veteran for skin grafting later in the year in October 1989. The March 1997 VA examiner noted that the Veteran reported that “skin was harvested from his thigh and grafted over the augmented ridge.” The examiner noted the perimeter of the lower denture showed evidence of scarring and graft. The Veteran applied for entitlement to service connection for “Class 3 overbite/maxilla Fascial surgery 1989” in February 1997. In a May 1997 rating decision, the AOJ denied entitlement to service connection because the overbite was considered a congenital or developmental defect. In this regard, the presumption of soundness does not apply to congenital defects because such defects “are not diseases or injuries” within the meaning of 38 U.S.C. §§ 1110 and 1111. 38 C.F.R. § 3.303(c); Terry v Principi, 340 F.3d at 1385-1386 (holding that the presumption of soundness does not apply to congenital defects); Winn v. Brown, 8 Vet. App. 510 (1996) (holding that a non-disease or non-injury entity such as a congenital defect is “not the type of disease- or injury-related defect to which the presumption of soundness can apply”). 

The Veteran believes his right thigh scar is the result of skin grafting related to the 1989 maxillofacial surgery. The Veteran in this case is competent to state whether he has a scar. See Falzone v. Brown, 8 Vet. App. 398, 403 (1995) (holding that “pes planus is the type of condition that lends itself to observation by a lay witness”). The medical records support that a skin graft was performed in relation to the maxillofacial surgery in 1989.

Absent service connection for the jaw condition, the preponderance of the evidence is against entitlement for service connection for right thigh scars claimed as secondary to the jaw surgery. 38 C.F.R. § 3.310. The evidence does not support, nor does the Veteran contend, that there is a direct in-service cause for the right thigh scars. Because the preponderance of the evidence is against the claim, the benefit of the doubt doctrine does not apply. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

REASONS FOR REMAND

The claim for entitlement to service connection for degenerative joint disease at C6-7, 8, and T1 is remanded.

The AOJ previously determined that new and relevant evidence had not been presented. The Board finds herein that new and relevant evidence has been presented which requires that the AOJ readjudicate the underlying claim for entitlement to service connection for degenerative joint disease at C6-7, 8, and T1. 

 

The matter is REMANDED for the following action:

1. Readjudicate the claim of entitlement for service connection for degenerative joint disease at C6-7, 8, and T1. 

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Miller

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.